### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HAROLD PRICE and PATRICIA A. PRICE, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>LAFAVER FIBERGLASS CORP. and )<br>BOBBY JOE LAFAVER, individually, )<br>)<br>Defendants. ) | Case No. 23-cv-419-JFH-DES |

### REPORT AND RECOMMENDATION

This matter comes before the Court on Defendants LaFaver Fiberglass Corporation and Bobby Joe LaFaver's ("Defendants") Special Entry of Appearance and Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and for Plaintiffs' failure to effectuate proper service. (Docket No. 14). On April 2, 2024, United States District Judge John F. Heil referred this case to the undersigned Magistrate Judge for all proceedings, including dispositive motions, pursuant to 28 U.S.C. § 636. (Docket No. 9). For the reasons set forth below, the undersigned Magistrate Judge Recommends Defendants' Motion to Dismiss be GRANTED.

I. Background

On December 13, 2023, Plaintiffs[1] filed a Complaint[2] against Bobby Joe LaFaver and LaFaver Fiberglass Corporation in this Court alleging violations of the Plaintiffs' rights under the Bill of Rights, the Thirteenth and Fourteenth Amendments, and Right for Redress under 42 U.S.C. § 1983. (Docket No. 2). Plaintiffs' allegations seemingly relate to their Oklahoma State Court case against Bobby Joe LaFaver and LaFaver Fiberglass Corporation, wherein Plaintiffs claimed public and private nuisances, negligence, and breach of contract regarding alleged pollution coming onto

---

[1] Plaintiffs refer to themselves as Appellants throughout their Complaint.
[2] Plaintiffs titled their Complaint "Appeal on Matters of Federal Law as to the Overreach of State Courts".

the Plaintiffs' property. Plaintiffs' Complaint indicates that because their State Court case finalized with summary judgment, not in their favor, the State Court's decisions were arbitrary and capricious, and that Plaintiffs, as pro se litigants, were not treated fairly and in compliance with the U.S. Constitution. (Docket No. 2). On October 2, 2024, Defendants filed their Motion to Dismiss for Failure to State a Claim and Failure to Serve. (Docket No. 14).

II. Analysis

   a. Failure to State a Claim

On a Motion to Dismiss, the Court must decide whether the plaintiff has alleged "enough facts to state a claim of relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). This does not mean all facts must be presented at the time of the complaint, but merely that the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Id.* at 555 (quotation omitted). It is not enough for the plaintiff to plead facts "merely consistent" with the defendant's liability – "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009). Instead, a plaintiff must state enough facts to nudge his claims "across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570.

The entirety of Plaintiffs' complaint focuses on actions that occurred in Plaintiffs' State Court proceedings against Defendants. Plaintiffs, while making "extensive, self-serving [and] nonsensical allegations[,]" fail to make any cognizable claim against the named Defendants. (Docket No. 14 at 3 and 6). "[Plaintiffs'] complaint goes on for eight (8) pages, without once mentioning a specific compliant or allegations against the LaFavers, instead choosing to rant and rave against the state courts and their alleged 'unfair treatment' of them." *Id.* at 6. Indeed, the undersigned Magistrate Judge finds no allegation in Plaintiffs' Complaint that would allow this

Court to reasonably infer the plausibility of any claim. Furthermore, there is nothing contained in the Complaint to give Defendants fair notice of what the claim is nor the grounds upon which it rests.[3] Accordingly, Plaintiffs' Complaint must be dismissed for failure to state a claim.

    b. Failure to Serve

Defendants additionally allege that service was deficient therefore Plaintiffs' complaint should be dismissed. (Docket No. 14 at 4). Fed. R. Civ. P. 12(b)(5) allows for dismissal of an action without prejudice based on insufficient service of process. Under Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Defendants argue that any alleged service upon them is invalid because Plaintiffs never requested summons to be issued in this case. (Docket No. 14 at 4). Pursuant to Fed. R. Civ. P. 4(b), "on or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant." A summons must be issued for each defendant to be served. *Id.* Defendants are correct, it does seem from the docket that Plaintiffs never sought summons to be issued in compliance with Rule 4(b); however, they clearly filed a proof of service that seems to have been affected on both Defendants by Brad Gordon, a process server located in Broken Arrow, OK, who attested under penalty of perjury that summons were served on March 26, 2024. (Docket No. 8). Even assuming *arguendo* that Plaintiffs' service was effective, this does not cure the issues with the complaint.

---

[3] Plaintiffs did not file a Response to the Motion to Dismiss in accordance with LCvR 7.1(d). Their deadline to do so was on October 16, 2024. No Response or request additional time to file a Response was submitted.

Plaintiffs still fail to state a claim upon which relief can be granted and their Complaint should be dismissed.

III.    Conclusion

Plaintiffs' Complaint against Defendants Bobby Joe LaFaver and LaFaver Fiberglass Corporation fails to state a valid claim for relief. While Plaintiffs assert violations of constitutional rights and allege unfair treatment in their State Court proceedings, the Complaint lacks sufficient factual detail to support these claims, failing to meet the legal standard required for a plausible cause of action. Additionally, although Plaintiffs may have attempted service on the Defendants, the Complaint remains deficient in substance and does not provide Defendants with fair notice of the claims against them. Therefore, both the failure to state a claim and the issues with service of process necessitate the dismissal of Plaintiffs' Complaint. Accordingly, the undersigned Magistrate Judge hereby recommends Defendants LaFaver Fiberglass Corporation and Bobby Joe LaFaver's Special Entry of Appearance and Motion to Dismiss (Docket No. 14)  be GRANTED.

Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

DATED this 14th day of November, 2024

_____
D. Edward Snow
United States Magistrate Judge